NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEEL PARTNERS II, L.P., : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-1983 (DMC) |
| LOUIS V. ARONSON II, ROBERT A. : | |
| ARONSON, BARBARA L. COLLINS, : | |
| CARL L. DINGER, PAUL H. EINHORN, : | |
| ERWIN M. GANZ, I. LEO MOTIUK, : | |
| DARYL K. HOLCOMB, GERARD J. : | |
| QUINNAN, JUSTIN P. WALDER and : | |
| SAUL H. WEISMAN, : | |
| : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the motion of Defendants Louis V. Aronson II, Robert A. Aronson, Barbara L. Collins, Paul H. Einhorn, Erwin M. Ganz, I. Leo Motiuk, Daryl K. Holcomb, Gerard J. Quinnan, Justin P. Walder and the Estate of Saul H. Weisman ("Moving Defendants") to amend the Court's interlocutory Order denying the Defendants' motion for summary judgment to include a certification of appealability pursuant to 28 U.S.C. § 1292(b). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that the Moving Defendants' motion is **denied.**

## I.    BACKGROUND

The factual background of this case was recounted in detail in the Court's April 19, 2006

Opinion and is hereby incorporated by reference.

Previously in this case, Defendants moved for summary judgment *inter alia* on statute of limitations grounds and pursuant to the <u>Colorado River</u> abstention doctrine.  This Court's Opinion and Order filed April 19, 2006 ("April 19 Order") denied Defendants' motions for summary judgment.

The Moving Defendants bring this motion pursuant to 29 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3), asking this Court to amend its April 19 Order to include a certification permitting interlocutory appeal.  Specifically, the Moving Defendants ask this Court to amend the order to state that:

> (a) a substantial basis exists for a difference of opinion on controlling questions of law with respect to the statute of limitations defense to the First and Second Claims for relief, in particular because of the holding of the Third Circuit in <u>Ronson Corp., *et al*</u> v. Steel Partners II, L.P., *et al,* App. 04-1202, 2005 WL 233364 3d Cir. 2005), and

> (b) an immediate appeal will materially advance the termination of the litigation, given that defendants' motion sought dismissal of all federal claims as a matter of law, and *inter alia*, dismissal of the remaining state law claims under 28 U.S.C. § 1367.

Defs. Br. at 1.

## II.    DISCUSSION

### A.    Statement Pursuant to 28 U.S.C. §1292(b)

The Moving Defendants ask this Court to certify its April 19, 2006 Opinion and Order denying the Moving Defendants' summary judgment motion for appeal.  Pursuant to 28 U.S.C. § 1292(b), a district court may certify for immediate appeal an otherwise non-appealable order, if it is satisfied "that such order involves a controlling question of law as to which there is substantial

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The statute imposes three requirements before certification may be granted. The order to be certified must (1) involve a controlling question of law; (2) offer substantial ground for difference of opinion; and (3) have the potential to materially advance the ultimate termination of the litigation, if appealed immediately. See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.1974); P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp.2d 355, 358 (D.N.J. 2001). Certification is entirely within the district court's discretion even if the three criteria are met; indeed, courts have acknowledged that "certification is appropriate only in exceptional cases." Piazza v. Major League Baseball, 836 F. Supp. 269, 270 (E.D. Pa.1993) (internal quotations and citations omitted); see also Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir.1976).

### 1.    Controlling Question of Law

In the Third Circuit, a controlling issue of law is one that if erroneously decided, would result in reversible error on final appeal. Katz, 496 F.2d at 755. Controlling means "serious to the conduct of the litigation, either practically or legally." Russ-Tobias v. Penn. Bd. of Prob. and Parole, No. Civ. A. 04-0270, 2006 WL 516771, *33 (E.D. Pa. Mar. 2, 2006) (citing Katz, 496 F.2d at 756).

The Moving Defendants argue that the April 19 Order involves "controlling questions of law" because it goes to issues of timeliness under the applicable statute of limitations. Contrary to the Moving Defendants' contentions, this Court's conclusion that the action was timely was not a decision on a pure question of law, but rather, a mixed question of law and fact. In order to determine that the Sarbanes-Oxley statute of limitations was tolled, this Court considered whether the alleged agreement amongst Defendants to purchase shares of Common Stock constituted a new

agreement and not a continuation of a previous agreement. Even though timeliness is a question of law, the applicability of a statute of limitations can involve fact-sensitive inquiries. See Haley v. Hendricks, 83 Fed. Appx. 452, 454 n.2 (3d Cir. 2003) (noting that the tolling of a statute of limitations is not a pure question of law); Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc., Civil No. 4:05-CV-0033, 2006 WL 1289545, *3 (M.D. Pa. May 9, 2006); Muniz v. Rexnord Corp., No, 04 C 2405, 2004 WL 2011393, *4 (N.D. Ill. Sept. 3, 2004). Certification to appeal the interlocutory Order is inappropriate when the underlying order involved mixed questions of fact and law because "Section 1292(b) was not designed to secure appellate review of 'factual matters' or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court.' " Hulmes v. Honda Motor Co. Ltd., 936 F. Supp. 195, 210 (D.N.J. 1996). For these reasons, the Moving Defendants cannot satisfy the first requirement for § 1292(b) certification.

2.    Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists when there is a genuine doubt or conflicting precedent as to the correct legal standard. Bradburn Parent Teacher Store, Inc. v. 3M, No. Civ. A. 02-7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005). To show that a substantial ground for difference of opinion exists, a moving party must demonstrate that the court applied one legal standard and that "other courts have substantially differed in applying that standard." Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993).

In this case, the Moving Defendants argue that there is a "substantial basis for concluding that there exists an inconsistency between the April 19 Opinion and the opinion of the Third Circuit in Ronson Corp., et al. v. Steel Partners II, L.P., et al., 119 Fed. Appx. 392 (3d Cir. 2005) with regard

4

to the effect of "inquiry notice" and the running of the statute of limitations on claimed violations on Section 13(d) of the Securities Exchange Act of 1934." Defs. Br. at 11-12. Specifically, the Moving Defendants argue that this Court improperly characterized "continuous violations" as "new agreements," and, as such, the statute of limitations should not have been tolled. This argument is unpersuasive because the Moving Defendants have not shown that there is a substantial ground for difference of opinion as to a *legal* standard. Rather, the Moving Defendants dispute whether this Court properly applied the statute of limitations to the facts of this case. Thus, the Moving Defendants fail to satisfy the second requirement for § 1292(b) certification.

                     3.      <u>Whether the Appeal Will Materially Advance the Termination of this Litigation</u>

Due to the fact that the Moving Defendants failed to satisfy either the first or second requirements for § 1292(b) certification, there is no reason to continue with this part of the analysis. All three requirements must be satisfied for a court to certify an issue for appeal. Therefore, the Court will not address this issue.

**IV.**    <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Moving Defendants' motion to amend the Court's interlocutory Order is denied. An appropriate Order accompanies this Opinion.

                                                  S/ Dennis M. Cavanaugh
                                               Dennis M. Cavanaugh, U.S.D.J.

Date:        December   22  , 2006
Orig.:        Clerk
cc:           Counsel of Record
                    The Honorable Mark Falk, U.S.M.J.
                    File